UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:

BRUCE D. PERRY,

                            Debtor.
------------------------------------------------------------------------x

KRISTA PREUSS, Standing Chapter 13 Trustee, SDNY,

                            Appellant,           **OPINION AND ORDER**

                                                   No. 20-CV-4617 (CS)
        - against -

BRUCE D. PERRY,

                            Appellee.
------------------------------------------------------------------------x

Appearances:

Dennis Jose
Staff Attorney
Office of the Standing Chapter 13 Trustee Krista M. Preuss, Esq.
White Plains, New York
*Counsel for Appellant Krista Preuss*

Andrea B. Malin[1]
Genova & Malin, LLP
Wappingers Falls, New York
*Counsel for Debtor-Appellee*

---

[1] In a prior case before this Court, I reprimanded Debtor's counsel for "consistently cit[ing] to cases without providing a pin cite . . . forcing the Court to read the whole case in search of the cited proposition," and ordered her "in any future cases she has before this Court, to include specific page numbers when citing to transcripts, cases, court documents or the like." *In re Froman*, 566 B.R. 641, 650 n.8 (S.D.N.Y. 2017).  Here, Ms. Malin not only failed to include pin cites for most of her citations, but many of her citations misspelled the title of the case or, worse, provided an incorrect citation, forcing the Court to manually search for the cases to which she cited.  Ms. Malin is warned than any future memoranda submitted to this Court that do not include correct pin cites for every citation will be stricken in their entirety and not considered.

1

Seibel, J.

Before the Court is the appeal of Appellant Standing Chapter 13 Bankruptcy Trustee Krista Preuss (the "Trustee") from an order and decision of the Bankruptcy Court confirming Debtor Bruce D. Perry's Chapter 13 plan. For the following reasons, the Bankruptcy Court's order is reversed and the case is remanded.

I.     **BACKGROUND**

I discuss only the facts relevant to this appeal. Appellee Bruce D. Perry ("Debtor") filed his Chapter 13 bankruptcy petition (case no. 19-36249) on July 29, 2019. (ECF Nos. 5-1 through 5-10 ("Record") at 1.)[2] It appears that the secured claims in the case totaled $429,657.80, and the unsecured claims totaled $427,103.70. (ECF No. 5 ("Trustee Br.") at 5-6.)[3]

In calculating his monthly expenses on Schedule J of his bankruptcy petition, Debtor included a $2,000 per month expense for an "RV payment," rendering his monthly disposable income $578.77. (*Id.* at 49.) His amended Chapter 13 plan (the "Plan") proposed to require payments of $575 per month for sixty months, for a total of $34,500.00. (*Id.* at 87.)

---

[2] Appellant attached the record on appeal as an appendix to her brief consisting of ten separate documents of approximately twenty pages each. For simplicity's sake, these ten documents are referred to collectively as one "Record," and citations to the Record refer to the page numbers stamped on the bottom left of each page.

[3] Appellant cites to pages 179-81 in the Record to support the table in her brief detailing the secured and unsecured claims, but those three pages contain only eight claim entries, six of which are unsecured, while her brief identifies twelve specific unsecured claims alone. (*Compare* Record at 179-81 *with* Trustee Br. at 5-6.) While the parties did not provide the Court with information as to where accurate information about the total secured and unsecured claims could be found in the Record in this Court or on the Bankruptcy Court's docket, it also appears that Debtor does not contest the amounts of these claims, so I infer that Appellant's contentions in this regard are factually accurate. Appellant also states, and Appellee does not dispute, that the largest unsecured claim was for $245,403.91 from LVNV Funding, LLC. (Trustee Br. at 5; ECF No. 6 ("Debtor Br.") at 7.)

2

The Bankruptcy Court held a confirmation hearing for the Plan on February 25, 2020. (*Id.* at 101-11.)  Appellant orally protested that the total unsecured claims were above the unsecured debt limit for Chapter 13 cases and that allowing Debtor the $2,000 RV expense was improper, but the Bankruptcy Court dismissed these objections as the Trustee had not timely put them in writing, (*id.* at 101-06), and entered a confirmation order, (*id.* at 112.)  Appellant then filed a motion to reargue, (*id.* at 113, 164-70) and at a hearing on April 28, 2020, the Bankruptcy Court denied the motion, (*id.* at 171-78).  Appellant filed the instant notice of appeal on May 11, 2020.  (*See* ECF No. 1.)

## II.     LEGAL STANDARD

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  A district court reviews a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*.  *Overbaugh v. Household Bank, N.A.* (*In re Overbaugh*), 559 F.3d 125, 129 (2d Cir. 2009) (*per curiam*).  "When reviewing for clear error, [the Court] may reverse only if [it is] left with the definite and firm conviction that a mistake has been committed."  *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (cleaned up).  "Thus, if the factual findings of the bankruptcy court are plausible in light of the record viewed in its entirety, this Court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *Savage & Assocs., P.C. v. Williams Commc'ns* (*In re Teligent Servs., Inc.*), 372 B.R. 594, 599 (S.D.N.Y. 2007) (cleaned up).  "And where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Lawsky v. Frontier Ins. Grp., LLC* (*In re Frontier Ins. Grp., Inc.*), 598 B.R. 87, 96 (S.D.N.Y. 2019) (cleaned up).

3

### III.     DISCUSSION

The instant appeal centers on whether the Bankruptcy Court erred in dismissing Appellant's objections and confirming the Plan in Debtor's Chapter 13 bankruptcy case. Appellant argues that the Plan should not have been confirmed because Debtor's unsecured debts were above the applicable statutory debt limit for Chapter 13 cases under §109(e) of the Bankruptcy Code,[4] and Debtor's monthly expenses improperly included a monthly payment for a luxury item.  (Trustee Br. at 6-7.)  By summarily dismissing Appellant's objections and confirming the Plan without considering the merits of Appellant's legal arguments, Appellant contends, the Bankruptcy Court failed to undertake its independent obligation to ensure that the Plan conformed to the provisions of the Bankruptcy Code.  (*Id.* at 7-8.)

Section 1325(a) of the Bankruptcy Code "instructs a bankruptcy court to confirm a plan only if the court finds, *inter alia*, that the plan complies with the 'applicable provisions' of the Code."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010) (quoting 11 U.S.C. § 1325(a)) (a bankruptcy court "shall confirm a plan" if it "complies with the provisions of" Chapter 13 "and with the other applicable provisions of this title").  *Espinosa* mandates that "bankruptcy courts have the authority – indeed, the obligation – to direct a debtor to conform his plan to the requirements of" the Bankruptcy Code.  *Id.*  This obligation to make an "independent determination . . . before a plan is confirmed," *id.* at 278, means that bankruptcy courts are "require[d] . . . to address and correct a defect in a debtor's proposed plan even if no [party] raises the issue."  *Id.* at 277 n.14.

---

[4] "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275 . . . may be a debtor under chapter 13 of this title."  11 U.S.C. § 109(e).  As noted above, Debtor's unsecured claims totaled $427,103.70.

4


Debtor argues that confirmation was appropriate because while the total amount of unsecured debt appears to exceed the Chapter 13 cap, the claim for $245,403.91 held by LVNV Funding, LLC should not count towards the cap because that claim "was disputed and unliquidated." (Debtor Br. at 7.) It is clear from the transcript of both the confirmation hearing and the hearing on Appellant's motion to reargue, however, that Judge Morris did not find on the merits that the unsecured claim held by LVNV Funding, LLC did not count toward the cap, but rather declined to consider the issue at all because no timely written objection was made. (Record at 104-11, 172-77.) That there was no timely objection does not mean, however, that the Plan met §109(e)'s requirement that Debtor's noncontingent, liquidated, unsecured debt be less than $419,275.00.[5]

Debtor points to Rule 3015(f) of the Federal Rules of Bankruptcy Procedure, which provides that if an objection is not "timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues." Fed. R. Bankr. P. 3015(f). That that Rule provides that the Bankruptcy Court need not take evidence to make a finding that a plan was submitted in good faith does not relieve the court of its obligation under *Espinosa* to ensure that a plan meets the facial requirements of the Bankruptcy Code before confirming it. Further, all the cases Debtor cites to suggest that Rule

---

[5] As explained below, I leave to the Bankruptcy Court in the first instance an examination of the merits of whether the Plan exceeds the cap for Chapter 13 in §109(e). The Bankruptcy Court may find the analysis in *In re Nicholes*, 184 B.R. 82, 88-91 (B.A.P. 9th Cir. 1995) – cited by Debtor, (Debtor Br. at 7-8) – helpful when deciding this issue. *Nicholes* held that a disputed claim is "unliquidated," and therefore not considered in calculating the amount of unsecured debt, only if the dispute renders the value of the claim not "readily determinable." *Id*. at 91. Under that standard, the LVNV debt does not appear to be unliquidated. And even if it were proper to disregard all "disputed" debts in calculating the cap, the LVNV Funding, LLC debt is not in fact disputed: Debtor's counsel stated on the record at the confirmation hearing that Debtor could have contested that claim but chose not to. (Record at 104-05.) It appears, then, that Debtor wants the benefit of a dispute without the burden of one.

5

3105(f) ought to govern are pre-*Espinosa* cases that concern untimely objections filed by *creditors*, rather than a Chapter 13 trustee.  *See, e.g., In re Hager*, No. 03-BK-14025, 2003 WL 22658194, at *2-4 (Bankr. E.D. Ark. Oct. 3, 2003); *In re Gaona*, 290 B.R. 381, 386 (Bankr. S.D. Cal. 2003); *In re Duncan*, 245 B.R. 538, 542-43 (Bankr. E.D. Tenn. 2000); *In re Kidd,* 142 B.R. 238, 239-40 (Bankr. S.D. Ohio 1992).  And in addition to *Espinosa*'s independent evaluation requirement, the Bankruptcy Code requires that the Chapter 13 Bankruptcy Trustee "[s]hall . . . appear and *be heard* at *any* hearing that concerns . . . confirmation of a plan." 11 U.S.C. § 1302 (b)(2)(B) (emphasis added).  This mandatory language suggests that the Trustee here was within her rights to raise her concerns at the confirmation hearing.

      This Court understands the frustration a busy Bankruptcy Judge must feel when a trustee waits to raise an issue until the final confirmation hearing when it could have, and should have, raised it sooner.  In fulfilling her self-described role as "an assistor of the Court in discharging its duties," (Trustee Br. at 16), it would do well for the Trustee to raise any concerns on the same schedule as creditors are required to raise objections, so as not to disrupt the Bankruptcy Court's orderly adjudication of its calendar.  But a trustee's dilatory conduct cannot relieve the Bankruptcy Court of its independent obligation under *Espinosa* to ensure that a plan conforms to the requirements of Chapter 13.  As such, the Bankruptcy Court should address the merits of the Trustee's arguments in the first instance.

IV.     **CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's decision is reversed and the case is remanded to the Bankruptcy Court for further proceedings consistent with this decision. The Clerk of Court is respectfully directed to terminate ECF No. 8[6] and close the case.

**SO ORDERED.**

Dated: September 21, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[6] Debtor's request for oral argument, (ECF No. 8), is denied. The Court does not believe argument is necessary to decide this appeal, nor would it be helpful. *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) ("[A] district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument.").